## BENSON *v.* AITKEN AND WIFE.

A, WITH his wife and five children, occupy premises as a homestead. The wife dies; four children are sent away to a boarding-school, and the premises leased by A to a tenant, who takes possession—one consideration of the lease being, that the tenant should board and take care of an infant child of A. During this lease, and while the tenant is in possession, A mortgages the premises—having, since executing the lease but before the mortgage, married his second wife. After the mortgage, A and wife go into possession of the premises: *Held,* that the mortgage binds the premises; that A, after the death of his first wife, had the right to dispose of the premises at his sole pleasure, or at his sole will to abandon them as a homestead; that by the lease he did apparently so abandon them, at least for the term of the lease; that having mortgaged the premises to an innocent party before unequivocally manifesting any purpose of resuming their occupancy, and before the second wife had any rights therein, neither she nor he can complain.

The fact that one child boarded with the tenant, or that A lived in the house or had furniture there, would make no difference in the result.

Occupancy of premises by husband and wife only affords an inference of dedication as a homestead, or presumption that the property is a homestead; but when this occupancy ceases by the act of the husband under such circumstances—as death of the wife—that his sole act is effectual to change the homestead nature of the property; no presumption or inference arises that he means to resume their occupancy as the homestead of his family.

APPEAL from the Twelfth District.

The mortgage in question was executed March 17th, 1858, prior to which time the first wife died. Defendants intermarried March 1st, 1858, and afterwards, the tenant having surrendered the possession of the premises, commenced to reside thereon, with the children mentioned in the opinion of this Court.

Plaintiff declined taking a money judgment against defendant Aitken; and the Court below held the mortgage to be void, and gave judgment for defendants for costs.

Plaintiff appeals.

*Whitcomb, Pringle & Felton,* for Appellant.

*McCabe & Fox,* for Respondents.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This was an action for the foreclosure of a mortgage. The mortgage was executed by the husband alone. The premises, at the time, had been leased by the mortgagor, and were in the possession of the lessee. They had been occupied by the defendant and a former wife, five children living with them. Upon the death of the first wife, four children were sent away to a boarding school, and the premises leased to a tenant, who took possession; one of the considerations of the lease being that the tenant should board and take care of an infant child. The mortgage was made during the pendency of this lease, and while the premises were in possession of the tenant. The defendants, Aitken and wife, after the execution of this mortgage, went into possession of the premises.

We think, under the circumstances, the mortgage bound the property. The present wife had never occupied the premises. It certainly never was *her* homestead. The lease itself, made while the defendant was unmarried, deprived the premises of the apparent character of homestead, at least so long as the term lasted.

It showed a purpose of abandonment for a given period, and his sole act at that time was sufficient to create an abandonment, so as to destroy the homestead character. If before any purpose of resuming the occupancy of the premises was unequivocally manifested, and before the last wife had any rights in the premises, he disposed of them to an innocent purchaser, neither he nor she can complain of such disposition. The occupancy of the premises by husband and wife is only an inference of homestead dedication, or a presumption that the property is homestead; but when this occupancy ceases by the act of him whose sole act is effectual to change the homestead nature of the property, no presumption or inference arises that the husband means to resume the occupancy of the premises as the homestead of his family. After the death of his first wife and his disposing of the possession of the property, and the ceasing to use it for a homestead, a purchaser or a creditor might well consider that it was no longer the homestead of the family; and the mere fact that the husband married again afforded no presumption that he meant to resume the possession, or that his abandonment of the premises or their occupancy was for a temporary purpose. We see nothing in the other circumstances insisted

on which changes this view or our general conclusion. Frauds enough have been perpetrated under cover of these homestead claims, and we do not feel inclined to add to their number by establishing the principle that after an apparent abandonment by the husband, in a case like this, where, by his sole act, he has a right to abandon the homestead, a purchaser or creditor may be drawn in to buy, or loan money on the property, and be forced to lose it upon the pretense that though such abandonment apparently was made, yet it was accompanied by the secret intention of returning to reside upon the premises again.

The whole case resolves itself into this statement: The husband, after the death of the wife, had a right to dispose of the premises, whether they were homestead or not, at his sole pleasure, by any lawful mode of disposing of real estate; he had a right by his sole will to abandon these premises as homestead; he did apparently so abandon them; while in this condition he conveyed them to the mortgagee. The fact that at this time he was married did not affect the conveyance. The mortgagee was not bound to take notice of this fact, nor is it shown that he knew of it. The mortgagee cannot be charged, in the face of the fact that the premises were in the possession and occupancy of the tenant, with knowledge that the defendant, against the effect of his own deed and against the implied assurance of a right to sell the premises, claimed or was about to resume possession of them as a homestead. The fact of one child boarding with the tenant, or the defendant having furniture there, would not make any difference in the principle—though we do not see this latter fact in the findings.

Decree reversed, and cause remanded for a judgment in pursuance of the principles of this opinion.