THE PEOPLE OF THE STATE OF CALIFORNIA *v.* MARIA M. W. DeCARRILLO, SURVIVING WIDOW OF JOHN RAINS, DECEASED, JOSÉ CLEMENTE CARRILLO, HER HUSBAND, E. K. DUNLAP, ADMINISTRATOR OF THE ESTATE OF JOHN RAINS, DECEASED, *et al.*, AND A CERTAIN TRACT OF LAND SITUATE IN SAN BERNARDINO COUNTY.

DEFAULT—ENTRY OF, A MINISTERIAL ACT.—The entry of a default in a case authorized by law, is a ministerial act to be performed by the Clerk, and the disqualifications of the Judge of the Court to try the cause does not disqualify the Clerk for the performance of this duty.

DEFAULT—WHEN ENTRY OF BY CLERK NOT REQUIRED.—In certain cases for the collection of taxes, (Stats. 1863–4, p. 399,) no entry of default by the Clerk is necessary; but a default is deemed made on the failure of defendants to appear and plead within the time prescribed by law.

ASSESSMENT FOR TAXES.—A complaint in a tax suit which shows only that the property taxed was assessed as the estate of R., deceased, and that the defendants, at the time of the assessment, owned and possessed it, does not state facts sufficient to constitute a cause of action, because not showing that the property was assessed to any particular party whose duty it was to pay the taxes, or that it was made to unknown owners.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

The People appealed.

The other facts are stated in the opinion of the Court.

*H. C. Rolfe*, and *F. E. Spencer*, for Appellants.

It was regular for the Clerk of the First District Court to enter the default of defendants; it was a ministerial act only. (Practice Act, Sec. 150.)

The default having been regularly entered, it was error for the Third District Court to set it aside and permit defendants to answer without a showing of merits supported by affidavits. (Practice Act, Sec. 68.)

Plaintiffs were entitled to judgment on the pleadings. The complaint being on behalf of the people, has "the same effect in all respects as if the same were verified." (Stats. 1863–4, p. 262.) And, therefore, the answer must be special and verified.

The paper called an answer, consisting, as it did, of general denials, and unverified, raised no issue. (Practice Act, Sec. 46; Revenue Act, 1861, Sec. 45; *Blankman* v. *Vallejo*, 15 Cal. 638; *Hensley* v. *Tartar*, 14 Cal. 508.)

*C. B. Younger*, for Respondents.

The default was properly vacated. The statute gives the Clerk no authority to enter default in a tax suit, and his action in that respect is void. (2 Hittell, Sec. 6,483; 17 Cal. 564; 28 Cal. 650; 30 Cal. 192.)

The answer was a general denial, and this raised an issue as to whether any assessment had been made; and the complaint being unverified, it was not necessary to verify the answer. (Practice Act, Sec. 46; 23 Cal. 401; 31 Cal. 412.) The verification required by the Revenue Act applies only to answers containing the affirmative matter therein allowed to be averred. Wherever the Revenue Act is silent, the rule must be supplied by the Practice Act. (32 Cal. 342.)

If no answer had been filed, appellants would not have been entitled to judgment, because the complaint did not state facts sufficient to constitute a cause of action. This objection was available at any time. (1 Cal. 478; 6 Cal. 46; 14 Cal. 210.) It is averred that the property was assessed to "the estate of John Rains, deceased." Such an assessment was void. (19 Cal. 425; 30 Cal. 536.) If the owner is known, the property must be assessed to him; otherwise the property must be assessed to "unknown owners," else there is no obligation on the part of the owner to pay the tax. (32 Cal. 328, 165; 30 Cal. 536; 28 Cal. 72, 612; 25 Cal. 38; 22 Cal. 131.) This defense was available in some form. (31 Cal. 412; *People* v. *S. F. and S. J. Railroad*, 33 Cal. 230.)

By the Court, SPRAGUE, J.:

This is an action to recover delinquent taxes, commenced in the First Judicial District Court, San Bernardino County. Due service was made upon defendants. In due time defendant Dunlap appeared and filed his answer, disclaiming all interest in the property assessed. After the time limited for the answer of the other defendants had expired, upon application of the District Attorney for San Bernardino County, the Clerk indorsed their default upon the complaint. Thereafter, at a special term of said District Court, on motion of the District Attorney, the cause was transferred to the District Court of the Third Judicial District, in and for the County of Santa Clara, the Judge of the said First Judicial District being related to one of the defendants within the third degree of consanguinity. Thereafter, January 20th, 1868, on motion of defendants, in the Third District Court, the default entered as aforesaid by the Clerk of the First District Court was set aside, with leave to answer. Defendants then filed an answer, denying generally the allegations of the complaint, without verification. The cause was then, on the 21st of January, 1868, by counsel of the respective parties, submitted to the Court upon the pleadings, com-

plaint, and answer, and motion of plaintiff for judgment upon the pleadings against all the defendants except defendant Dunlap, and by the Court taken under advisement. Thereafter, on the 23d of January, 1868, the following order was entered: "The Court now, having fully considered this cause, finds in favor of defendants, and orders judgment to be entered in their favor accordingly;" which was accordingly done on the same day.

Plaintiff's bill of exceptions shows that the order setting aside the default of defendants, and granting them leave to answer, was duly excepted to at the time, and that exceptions were duly taken and filed to the finding and judgment filed and entered against plaintiff on the 23d of January, 1868.

The objection to the order of the Court setting aside the default of the defendants, indorsed on the complaint by the Clerk of the First District Court, is urged, upon the ground that the motion of defendants to set aside the default thus entered and for leave to answer, was made and order entered upon "the sole ground that the Clerk of the First Judicial District Court had no authority to enter said default, because of the disqualification of the Judge of the said First Judicial District."

The entry of a default by the Clerk in a case authorized by statute is a ministerial act, and the disqualification of the Judge of his Court to try or render judgment in the case does not disqualify the Clerk from performing this ministerial act, but under our statute in relation to proceedings in certain cases (Stats. 1863–4, p. 399) a default is deemed made by defendants in a tax collection case on failure of defendants to appear within the time prescribed, without entry of the same by the Clerk; hence the entry by the Clerk in the case was a work of supererogation.

The complaint in the case is fatally defective, and regarding the cause as submitted to the Court upon the complaint alone, without answer after the default, the judgment of the Court must be sustained.

The complaint does not state facts sufficient to constitute

a cause of action. It is alleged therein that the property was assessed "as the estate of John Rains, deceased;" and in a subsequent part of the same count of the complaint it is alleged "that the said defendants, Maria Merced W. Carrillo, José Clemente Carrillo, E. K. Dunlap, John Doe, and Richard Roe, then and there, at the time of the assessment, owned and claimed, had possession and control of said real and personal property."

It is not alleged that the property was assessed to any person or party whose duty it was to pay the taxes, nor is it alleged that the owners of the property were unknown to the Assessor, and so assessed at the time of the assessment; nor does it appear from the complaint that the property was listed or assessed to or in the name of defendants, or either of them, or any other "person, corporation, association, company, or firm owning, claiming, or having the possession or control thereof," as required by the thirtieth section of the Revenue Act then in force. (See Stats. 1861, pp. 422, 423.)

Upon the facts as stated in the complaint, no valid assessment of the property was made; hence no legal obligation was cast upon the defendants, or either of them, to pay the taxes sued for.

Judgment affirmed.