[No. 2,574.]

## JOHN GAMBETTE *v.* JOHN BROCK.

JUDGMENT—MARRIED WOMAN.—A judgment against a married woman upon a contract, made by her during the marriage, is valid until reversed, and cannot be impeached in a collateral action on the ground of her coverture.

MARRIED WOMAN—HOMESTEAD.—A declaration of homestead made by a married woman, under the Homestead Act of 1860, is valid, notwithstanding her husband never resided or made his home on such homestead, and never executed or acknowledged the homestead claim made by her, and in the absence of any showing as to the causes of his absence from such homestead, or that he had a home or fixed residence elsewhere, or any family other than his wife.

IDEM.—The question as to the validity of the wife's homestead claim, when it appears that she and her husband were living separate by agreement, or that he had abandoned her, or that he had a fixed home and residence elsewhere, not decided.

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

The case is stated in the opinion.

*J. H. Budd* and *F. T. Baldwin*, for Appellant.

First—The said judgment rendered in said Justice's Court was binding and conclusive as to all matters in issue in that action. (1 Green. Ev., Sec. 528; 20 Howell, 538; *Harvey* v. *Richards*, 2 Gall. 229; *Hibrands* v. *Dullevan*, 4 Halst. 183; *Bridge* v. *Sumner*, 1 Pick. 371.)

Second—In this action plaintiff had no opportunity to plead said judgment of said Justice's Court in bar as an estoppel, and said judgment is equally conclusive as if it had been so pleaded. (1 Green. Ev., Sec. 631; *Howell* v. *Mitchell*, 14 Mass. 241; *Howes* v. *McMichael*, 6 Paige, 139.)

Third—The premises sued for in this action were not a homestead at the time of said Constable's sale. To constitute a homestead there must have been residence by the head of the family on the land claimed as a homestead. The alleged husband of the said defendant in the action in said Justice's Court never lived on said premises.

The defendant in this action claims that the property sued for was the separate property of the said Isadora Rodriguez, in findings in this action mentioned. The findings show that her husband never resided on the land, and the same could not become a homestead under the laws of this State. (*Cary* v. *Rice*, 6 Cal. 625.)

The husband cannot have two homesteads of the family, and unless he resided on the premises they never could have become a homestead; otherwise married people may have two homesteads, the one claimed by the husband, the

other claimed by the wife, as such. It has been held that
even if the wife did not reside on the land claimed as a
homestead it cannot be held as such. A Court of limited
jurisdiction has a right to determine whether the facts of
any particular case sustain such jurisdiction. (*Crepps* v.
*Duden et als.*, 1 Smith's Leading Cases, 827, and the author-
ities there cited.)

Fourth—The husband is the head of the family, and not
the wife. (*Guyiod* v. *Guyiod*, 14 Cal. 506.)

*Byers* and *Elliott*, for Respondent.

A married woman cannot incur a personal liability. Un-
der the law of this State and decisions of this Court she
cannot create a personal liability by contract in any form,
unless in exceptional cases, as under the Sole Trader's Act,
etc., which could be enforced in equity against her or her
separate property. (*Simpers et al.* v. *Sloan et al.*, 5 Cal. 457;
*Luning* v. *Brady et al.*, 10 Cal. 265; *Maclay* v. *Love et al.*, 25
Cal. 367; *Smith* v. *Greer et al.*, 31 Cal. 476.) Certainly no
valid judgment could be obtained in a Justice's Court
against a married woman, whether she plead coverture or
not.

The contract being void, it is not a matter to be avoided
or not at the pleasure of the *feme covert ;* but any judgment
by default would be as utterly without validity as though
the coverture had been plead, proved, and judgment ren-
dered notwithstanding. (1 Parsons on Contracts, 346, 5th
ed.; 3 Parsons on Contracts, 413, 5th ed.)

The judgment of the Justice could not have been plead
as an estoppel if the action had been brought by defendant
against plaintiff, because the parties to the two actions are
not the same, neither is the subject matter the same. (1
Greenleaf's Evidence, Sec. 528.)

The cases cited by appellant have no bearing upon the
homestead law under which Isadora Rodriguez took her

homestead—this law having been enacted subsequent to the decisions quoted.   Under the Homestead Act of 1860 either the wife or the husband may make the declaration.   It does not follow that the husband had any other homestead than that taken by his wife.   Why he had never lived with his wife on the homestead does not appear, but it will hardly be contended that, should a husband desert his wife, she would not be entitled to make a homestead for the benefit of herself and those under her charge, or even for herself alone, being married and without family.   The Court finds a homestead; hence the conclusion is that the Judge believed that, whereas the said Isadora *claimed* the niece and sister as part of her family, the niece and sister constituted a part of her family.

A purchaser at Sheriff's or Constable's sale is bound to see that there is a judgment which is not void.   (*Blood* v. *Light*, October Term, 1868, of this Court; *Wells* v. *Stout*, 9 Cal. 498.)

By the Court, CROCKETT, J.:

This is an appeal on the judgment roll alone, by the plaintiff in ejectment, from a judgment in favor of the defendant. It appears from the findings that an action was commenced in a Justice's Court against one Isidora Briones, a married woman, to recover a sum of money alleged to be due on a contract, which it now appears was made during the marriage; that the said Isidora was duly served with a summons in said cause, and filed an answer therein, setting up her coverture as a defense to the action.   The cause was tried by the Justice, who rendered a judgment against her for the amount claimed to be due; on which judgment an execution was duly issued, and was levied on the land in contest as her property.   The land having been sold by the Constable, under the execution, and purchased by the plaintiff in this

action, and there having been no redemption, he obtained the Constable's deed therefor.

This is the plaintiff's title. It further appears from the findings that the said lot of land was the separate estate of the said Isidora prior to her marriage in 1864, and that after her marriage she actually resided on said lot with her sister and a young niece, whom she had raised, and whom she claimed to be a part of her family; that in 1866, whilst actually residing upon said lot with her sister and niece, and claiming it as her home, she filed a declaration in due form, claiming said lot as a homestead, which claim of homestead has never been abandoned. It further appears that the husband of Isidora has never at any time resided upon said lot, or made his home there, and never executed or acknowledged the homestead claim filed by her. But it does not appear why the husband did not reside with his wife on said premises, nor where he resided, nor that he in any manner dissented from her action in filing the homestead claim, or that he claimed a homestead elsewhere.

On these facts two questions are raised on this appeal, to wit: first, whether the judgment against Isidora Briones in the Justice's Court was void on account of her coverture; and second, whether her homestead claim was valid.

The judgment in the Justice's Court was clearly valid until reversed, and cannot be impeached in a collateral action on the ground alleged. The Justice had jurisdiction of the subject matter of the action, and of the person of the defendant, whose coverture was made an issue in the cause. This issue was decided against her by the Justice, and, for aught that appears, may have been properly so decided on that trial for want of proof of the marriage. But however erroneous the judgment may have been, it was not void. There would be no safety in purchasing at judicial sales, under judgments rendered after due service of process on female defendants, if the title of the purchaser could be

defeated by proof in a collateral action, that the defendant in the judgment was a married woman at the time of the institution of the suit, or that she was incapable in law of contracting the debt for which the judgment was rendered. The fact that the Court had jurisdiction of the subject matter, and of the person of the defendant, is sufficient to establish the validity of the judgment until reversed or set aside. (*Moore* v. *Martin*, 38 Cal. 428.)

The second point raised on the appeal presents more difficulty. Under the Homestead Act, as it originally stood, all that was necessary to create the exemption of the property from forced sale was, that the premises should be occupied by the family as a home; and under the provisions of that Act it was held that a homestead claim could not be created by the residence of the husband alone, in the absence of the wife and family. (*Cary* v. *Tice*, 6 Cal. 625; *Benedict* v. *Bunnell*, 7 Cal. 245; *Benson* v. *Aitken*, 17 Cal. 163.)

But the Homestead Act was materially modified by the statute of April 28th, 1860. (Stats. 1860, p. 311.) By the provisions of that Act, either the husband or wife, or other head of a family, were authorized to select and dedicate the homestead by a declaration in writing, to be executed and recorded as provided in the Act. In construing this statute we have held that an actual residence upon the land was necessary to consummate the homestead claim. (*Gregg* v. *Bostwick*, 33 Cal. 220; *Mann* v. *Rogers*, 35 Cal. 316.)

But the question is now presented for the first time, whether the residence of the wife alone, under the circumstances stated in the findings, will be sufficient to establish the homestead claim when a proper declaration has been filed by her.

On the one side it is said that the husband is the head of the family, and that, in contemplation of law, his residence is the residence of his wife; and that if the residence of the wife alone would establish the homestead, the husband also might establish another homestead by his separate residence

at another place, and thus there would be two valid homesteads, when the law authorizes but one; and that it is, therefore, plain that the homestead claim can only exist when the husband, who is the head of the family, has dedicated it as such by his actual residence on the land.

On the other hand it is said that the absence of the husband may be, and for aught that appears was, in this case, involuntary; that he may during the whole period of the marriage have been a soldier in active service at a remote point, or confined in the State Prison, or in a lunatic asylum, or voluntarily absent on a long journey, and that under such circumstances it would contravene the spirit of the Act if the wife was not allowed to establish a homestead by an actual residence on the land with other members of her family.

The point is not free from difficulty. It is clear that under the Act there cannot be two separate valid homestead claims, the one by the husband and the other by the wife, upon separate parcels of land; but in the absence of any showing as to the causes of the absence of the husband from the homestead selected by his wife, or any proof that he had a home or fixed residence elsewhere, or any other family than his wife, it appears to me to be entirely consistent with the spirit of the Homestead Act that the wife, having a family of her own, should be allowed to select and establish a homestead by her own residence upon it with her family.

This view appears to be supported by the provisions of the Act of 1860, defining what the declaration of homestead shall contain. It provides that "said declaration shall state that they, or either of them, are married, or if not married, that he or she is the head of a family; that *they, or either of them,* as the case may be, are at the time of making such declaration residing with their family, or with the person under their care and maintenance on the premises."

It is unnecessary to decide in this case how the validity of

the wife's homestead claim would have been affected if it had appeared that she and her husband had been living apart by agreement, or that he had abandoned her, or that he had a fixed home and residence elsewhere; but, upon the facts contained in the findings in this case, I think the homestead claim of the wife was valid, and that the judgment ought to be affirmed.

And it is so ordered.

Mr. Justice SPRAGUE expressed no opinion.