[No. 3,342.]

## A. B. PRESCOTT *v.* WILLIAM PRESCOTT AND JAMES A. CLAYTON.

DECLARATION UNDER THE HOMESTEAD LAW.—In order to impress the character of a homestead upon premises, the party claiming the homestead must be actually residing thereon at the time the declaration is filed.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The plaintiff and defendant intermarried on the 24th day of November, 1867, and at that time the defendant owned a house and lot (the premises in controversy) situated at San José, of the value of two thousand dollars. The plaintiff and defendant resided on the lot from January to April, 1868, when the plaintiff, the wife, at the husband's request, went to San Francisco to reside, and the defendant remained in San José, and the premises were rented. The defendant Prescott, in May, 1870, without any consideration, conveyed the premises to the defendant Clayton, to have Clayton sell the same and give him the proceeds. The wife, in July, 1870, made and filed a declaration of homestead on the premises, and then commenced this action, to compel Clayton to reconvey the lot to her husband, to be by husband and wife held in joint tenancy, and to have the husband enjoined from selling the same.

The Court tried the case without a jury, and rendered judgment for the plaintiff. The appeal was from an order denying a new trial.

*Black* and *Reynolds*, for Appellants.

The findings and evidence show clearly that neither plaintiff nor defendant Prescott have lived upon the premises in question since April 30th, 1868, and that on the 9th of July, 1870, the date of filing the homestead declaration, plaintiff was residing in San Francisco, and defendant Prescott, the head of the family, was not living or residing upon the premises. This is fatal to any homestead claim made by plaintiff. (*Gregg* v. *Bostwick*, 33 Cal. 220; *Mann* v. *Rogers*, 35 Cal. 316.)

*Drake & Rix*, for Respondent.

The plaintiff, by leaving the premises temporarily, did not lose her residence thereon, or right of homestead therein. (*Herrick* v. *Graves*, 16 Wis. 157; *Davis* v. *Kelly*, 14 Iowa, 523; *Drury* v. *Bachelder*, 11 Gray, Mass., 214; *Dulanty* v. *Pynchon*, 6 Allen, Mass., 510; *Connor* v. *Nichols*, 31 Illinois, 148; *Thornton* v. *Boyden*, 31 Illinois, 200.) Residence depends upon intention. (*People* v. *Peralta*, 4 Cal. 175; *People* v. *Stonesifer*, 6 Cal. 410.)

By the COURT:

The premises in San José were at one time the actual residence of the parties, but they subsequently removed therefrom—the wife going to reside at San Francisco with her brother, where she continued for several years, and the premises being in the meantime leased to others and subsequently conveyed by the husband in fee; it was only after this that the wife filed a declaration, in which she asserted a right of homestead in the premises. We held in *Gregg* v. *Bostwick*, 33 Cal. 220, that in order to impress the character of a homestead upon premises they must be such in fact by occupation at the time the declaration is filed—"must be

resided upon and used as such at the time the declaration is made." Under the circumstances appearing, the declaration of the wife, claiming the premises in controversy as a homestead, cannot be supported.

Judgment and order denying a new trial reversed and cause remanded.