[No. 5669.]

GEORGE BABCOCK ET AL. *v.* SAMUEL L. GIBBS
AND HARRIET, HIS WIFE.

HOMESTEAD.—To constitute a valid homestead, the homestead claimant must actually reside on the premises when the declaration is filed.

APPEAL from the District Court, Third Judicial District, County of Alameda.

Ejectment to recover a lot in the City of Oakland. On the 10th of February, 1876, the defendant purchased the lot. It was inclosed with a fence; but no buildings were on it. On the evening of the 20th of February, the defendants went to the lot and spread a blanket for a roof and slept under it. The next day they filed a declaration of homestead, and commenced the erection of a house, which was completed on the 28th of March. On the latter day they moved into the house. On the 26th of April, 1876, the plaintiffs sued the defendant Samuel in Justice's Court, procured an attachment, which was levied on the lot, soon after obtained judgment, then sold the lot on an execution, became the purchasers, and obtained a Sheriff's deed on the 23rd of November, 1876. This was the plaintiff's title, and the defense was the homestead declaration. The Court rendered judgment for the defendants, and the plaintiffs appealed. The other facts are stated in the opinion.

*Wiggin & Eells,* for Appellants,

Argued that the lot was not a homestead, and that the declaration was void, because the parties were not residing on the premises when it was filed, and cited *Gregg* v. *Bostwick,* 33 Cal. 227, 228, cited and approved in *Mann* v. *Rogers,* 35 Cal. 316; *Prescott* v. *Prescott,* 45 Cal. 58; *Gambetta* v. *Brock,* 41 Cal. 83.

*J. F. Havens,* for Respondents.

The defendants having made, filed, and had recorded their declaration of homestead in due form, and perfected their home-

stead claim by actual possession and residence with their family on the premises before the plaintiffs served their attachment, the property was exempt from forced sale, and plaintiffs could get nothing by their attachment and sale of the premises. The record of the declaration of homestead and the residence of the family were notice to plaintiffs and all the world of their homestead claim. (4 Cal. 268; 6 Cal. 234; 10 Cal. 296; 7 Cal. 245.)

By the COURT:

At the oral argument the judgment and order in this case were reversed from the bench, and the cause was remanded for a new trial. For the guidance of the Court below on another trial, we deem it proper to state the grounds on which we proceeded in reversing the judgment and order.

Sec. 1237 of the Civil Code provides that "the homestead consists of the dwelling-house in which the claimant *resides*, and the land on which the same is situated, selected as in this title provided"; and sec. 1253 provides that the declaration of homestead shall contain "a statement that the person making it *is residing* on the premises and claims them as a homestead." It is evident from these provisions that to constitute a valid homestead the claimant must actually reside on the premises when the declaration is filed; and in the present case the evidence establishes without contradiction that when the declaration was filed the homestead claimants were not actually residing on the premises.