[No. 7,418.—Department One.]

## L. AUCKER v. DENNIS McCOY ET UX.

JURISDICTION OF JUSTICE'S COURT—COMPLAINT.—In an action in a Justice's Court, the complaint alleged, that, at the time specified, the defendant Anna M. purchased of the plaintiff's assignors merchandise of the value and for which he agreed to pay the sum of $242.29, on delivery; that the goods were delivered; and that afterwards, Anna M. intermarried with her codefendant, and prayed for judgment against the two defendants for the sum mentioned, which was entered accordingly. *Held*, that the complaint contained a sufficient statement of facts to constitute a cause of action in a Justice's Court; that the want of an averment, that the goods were sold and delivered at the request of the defendants, or that they were indebted to the plaintiff for them, was a fault in pleading which might have been reached by demurrer, but did not affect the jurisdiction of the Court, or the validity of the judgment, as against collateral attack.

HOMESTEAD. — To constitute a valid homestead, the claimant must actually reside on the premises when the declaration is filed.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Superior Court of San Bernardino County. ROLFE, J.

A petition for the rehearing in Bank in this case was filed after the decision, and denied.

*Paris & Allen*, and *H. Goodell, Jr.*, for Appellants.

*J. D. Boyer*, for Respondent.

McKEE, J.:

This was an action of ejectment to recover possession of a parcel of land described in the complaint, of which the defendants were in possession at the commencement of the action. The plaintiff concedes that the defendants were at one time the owners of the land; but he claims that their title has been transferred to him by a constable's deed, made and delivered to him in the consummation of a forced sale, under an execution which had been issued upon a judgment against the defendants, and was levied upon the land in dispute. The Court below found in favor of the plaintiff's claim of title; and from the judgment and order denying a motion for a new trial the defendants appeal.

It is contended on their behalf, (1) that the judgment upon

which the execution was issued is void, because the Court in which it was rendered had no jurisdiction; (2) that the constable's deed did not transfer to the plaintiff their title, because the land was, at the date of the execution, levy, and sale, the homestead of the defendants, and not subject to forced sale.

1. The execution was issued on the judgment of a Justice's Court rendered on the 21st of June, 1879. He who asserts a right under such a judgment must show affirmatively that the Court in which it was rendered had jurisdiction; being a court of inferior jurisdiction, no presumptions are indulgeable in its favor. The judgment under consideration was rendered in an action of which the Justice's Court had exclusive jurisdiction, and it had acquired jurisdiction of the persons of the defendants. But the point made against the judgment is, that there was no cause of action stated in the complaint in the action upon which the Court could exercise its jurisdiction.

In the complaint, it was, in substance, alleged, " that at various times between the 18th day of April and the 12th day of October, 1878, at the town of San Bernardino, the defendant Anna McCoy purchased merchandise of the mercantile firm of L. Aucker & Co., of the value and for which she agreed to pay the sum of $242.29, on delivery to her"; that the said merchandise was delivered to her, " at various times between the 12th day of October and the 18th day of September, 1878"; that in March, 1879, the claim had been assigned to the plaintiff; and that after the delivery of the merchandise, the defendant Anna had intermarried with her codefendant, and judgment was asked against both for the sum of $242.29 and costs.

Because the complaint does not contain an averment that the merchandise was sold and delivered at the request of the defendants, or either of them, or that they, or either of them, were indebted to the plaintiff therefor, it is contended that the Court had no jurisdiction of the action. We think, however, that the complaint contained a sufficient statement of facts to constitute a cause of action in a Justice's Court. In those courts, a pleading is not required to be in any particular form. (§ 851, Code Civ. Proc.) It is sufficient if it shows the value of the claim asserted by the plaintiff against the defendant in such a way as that a person of common understanding may

know what was intended. (§ 851, *supra; Liening* v. *Gould,* 13 Cal. 598; *Stuart* v. *Lander,* 16 id. 374.)

There is no difficulty in determining from the complaint, that the plaintiff in the action demanded a judgment against the defendants for $242.29, for merchandise which had been sold and delivered to the defendant Anna. The want of an averment, that the goods were sold and delivered at the request of the defendants, or that they were indebted to the plaintiff for them, was a fault in pleading which might have been reached by demurrer; but it did not affect the jurisdiction which the Court had of the cause of action, and of the parties to the action; and the judgment entered in the action was not void. It may have been reversible for error; but being rendered by a court which had jurisdiction of the parties, and of the defectively stated cause of action, it was valid and operative until appealed from or reversed. However erroneous it might be, it was not the subject of collateral attack. (*Choynski* v. *Cohen,* 39 Cal. 501; *Moore* v. *Martin,* 38 Cal. 428.) Nor is a sale of land under an execution issued upon it subject to be defeated for any errors or irregularities in it.

2. The execution, which had been issued upon the judgment, was levied upon the land in controversy, as the property of the defendant Anna, on the 3rd day of July, 1879. At that date, defendants claim to have acquired a homestead upon the land, by a declaration of homestead which they had made and filed on the 23rd day of May, 1878, immediately after their marriage. The declaration recites that they claimed the land as a homestead, in addition to a homestead which had been set apart by the Probate Court of San Bernardino County out of the estate of William Baldwin, deceased, to the defendant Anna, as the surviving widow of the deceased; and it shows that the land selected as an additional homestead abutted upon the homestead premises which had been set apart by the Probate Court. Upon this additional homestead, there were some small houses and a stable. The former, defendants rented to tenants; the latter, they used in connection with the premises which they occupied as a hay-yard, for keeping and feeding livestock for profit. Both the homestead lots were inclosed by one fence, and defendants indiscriminately used them for their business

purposes.   But they resided exclusively on the homestead premises which had been set apart by the Probate Court.   At the time of making and filing their declaration, they did not reside upon the additional homestead premises—the land in controversy.   They never did reside there until November, 1879, when the family residence on the first homestead was destroyed by fire, and they moved into one of the tenement-houses upon the " additional homestead " lot.

Residence upon premises is an essential element to a claim of homestead ; and unless it is proved to have existed at the time of making and filing the declaration of homestead, the claim is ineffectual.   To constitute a valid homestead, the claimant must *actually* reside on the premises when the declaration is filed. (§ 1263, Civ. Code ; *Babcock* v. *Gibbs*, 52 Cal. 629 ; *Dorn* v. *Howe*, id. 630.)

Judgment affirmed.

McKINSTRY, J., and ROSS, J., concurred.