[No. 8871.   Department Two. — February 25, 1886.]

## A. PFISTER, APPELLANT, v. JOHN DASCEY ET AL., RESPONDENTS.

HOMESTEAD — ACTUAL RESIDENCE NECESSARY — DECLARATION. — Under the statute in force in April, 1869, as well as under the provisions of the Civil Code, to constitute a valid homestead the claimant must actually reside on the premises when the declaration is filed.

ID. — EVIDENCE OF RESIDENCE — GENERAL UNDERSTANDING AND REPORT. — The residence of the claimant at the time the declaration was filed is not a fact of any general or public interest, and cannot be proved by evidence of the general understanding and report in the community.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion.

*J. J. Burt*, for Appellant.

*Laine & Johnston*, for Respondents.

SEARLS, C.—This is an action of ejectment to recover some forty-five acres of land in Santa Clara County.

Defendants had judgment, from which and from an order refusing a new trial plaintiff appeals.

Plaintiff's title is based upon a constable's deed of the

premises, executed pursuant to a sale under execution levied thereon February 19, 1879.

Defendants (husband and wife) claim that the premises at the date of levy of the execution were, and ever since have been, their homestead, by virtue of a declaration of homestead, executed, acknowledged, and duly filed for record on the tenth day of April, 1869.

The statute in force when defendants' declaration of homestead was filed, like the present Civil Code, required that the person making the declaration should reside upon the premises at the date of making and filing such declaration.

To constitute a valid homestead, the claimant must actually reside on the premises when the declaration is filed. (*Babcock* v. *Gibbs*, 52 Cal. 629; *Dorn* v. *Howe*, 52 Cal. 630; *Prescott* v. *Prescott*, 45 Cal. 58; *Gregg* v. *Bostwick*, 33 Cal. 220.)

The finding of the court is that "on the tenth day of April, 1869, and while said John Dascey and his family were occupying said premises described in the complaint, and residing thereon with the intention of making said residence their permanent home, said John made, executed, acknowledged, and filed for record in the recorder's office in and for Santa Clara County, his declaration of homestead upon the premises described in the complaint, which said declaration was in the due and usual form provided by law," etc.

There was testimony sufficient, if credited, to warrant the findings, and being conflicting, we are not, under the well-established rules of this court, authorized to interfere with the result reached by the court below.

2. At the trial plaintiff introduced evidence showing that an indictment was found against John Dascey, the defendant, in the county of Santa Clara, on the twenty-eighth day of May, 1869, charging him with the commission of a crime in that county on the 3d of May, 1869.

Plaintiff then offered to prove by several witnesses that, at the time of defendant's arrest on said charge, "it

was generally reported and understood among them at that time, and on April 10, 1869, that he [defendant] and his family were not living in Santa Clara County, but were living in San Francisco."

To the introduction of this testimony defendant objected, "upon the ground that it was immaterial, irrelevant, and incompetent." The objection was sustained by the court, and the ruling is assigned as error.

By subdivision 11 of section 1870 of the Code of Civil Procedure, evidence may be given of "common reputation existing previous to the controversy, respecting facts of a public or general interest more than thirty years old, and in cases of pedigree and boundary."

The residence of defendant in 1869 was a fact to be determined by testimony as other facts are required to be established. It was not a fact of any general or public interest, and not a fact to be proven by the general understanding and report.

Hearsay evidence is not, as a rule, competent to establish any *specific fact* which in its nature is susceptible of being proven by witnesses who can speak from their own knowledge. (1 Greenl. Ev., sec. 99.)

There is a class of cases in which the very fact in controversy is, whether certain things were said or done, and not whether they were true or false; in which cases the words or acts are admissible, not as hearsay, but as original evidence.

The testimony proffered did not come under this last or any other head with which we are familiar, entitling it to be introduced, and it was properly excluded.

There were no errors of law committed at the trial prejudicial to the plaintiff, and we are of opinion the judgment and order appealed from should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.