## MALONEY and Another v. HEFER.

### No. 9,866; November 30, 1887.

#### 15 Pac. 763.

**Homestead—Residence at Time of Filing Declaration.**—A married woman owned two houses and a lot, and, while residing in one of the houses, prepared a declaration of homestead, and went into another county to visit for four months. Her husband, during her absence, occupied lodgings in a house not on the property. While she was away, the declaration of homestead was filed. Defendant obtained judgment against the plaintiffs, and levied on a portion of the lot, and sold it. Held, in an action by the husband and wife to quiet their title to the lot, that, as the claimants were not residing on the lot when the declaration was filed, it was not valid.[1]

APPEAL from Superior Court, San Francisco County; John F. Finn, Judge.

E. J. & J. H. Moore (Nathaniel Bennett of counsel) for appellants; N. B. Mulville for respondent.

BELCHER, C. C.—The plaintiffs were husband and wife, and brought this action to quiet their title to a lot of land in the city of San Francisco. The lot fronts on Perry street, having a width of twenty-five feet and a depth of eighty feet, and is claimed by the plaintiffs as their homestead.

In January and February, 1883, there were two houses on the lot, one on the front and the other on the rear part of it, and the value of the whole property was between two thou-

---

[1] Cited in Estate of Green, 1 Cof. Pro. Dec. 450, 452, referring to a "statutory homestead," under section 1262 et seq. of the Civil Code, as distinguished from a "probate homestead," under section 1465 of the Code of Civil Procedure.

sand five hundred and three thousand dollars. The front house had a basement, and above it two flats or stories, which were leased to and occupied by tenants. The rear house was a small one and was reached by a narrow passageway along the side of the front house from Perry street. Between the street and the front house was a yard sixteen and one-half feet long and five feet wide, and between the two houses was a yard which was divided by a board fence from five to seven feet high. Mrs. Maloney owned the whole lot as her separate property, and had resided with her husband in the rear house for more than ten years. On the twenty-fifth day of January, 1883, while so residing on a part of the premises, she executed and acknowledged, in proper form, a declaration of homestead on the whole lot, and on the eighth day of February following filed it for record. After executing the declaration, and on the same day, she temporarily went away to visit friends in another county, and was gone about four months. During her absence her husband occupied other lodgings in the city, and the house, with the exception of one bedroom, which with its furniture was reserved, was occupied by a tenant. On or about the first day of March, 1883, the defendant obtained a judgment against the plaintiffs, and subsequently, under an execution issued thereon, sold, bid in, and in due time obtained a sheriff's deed for a part of the lot described as twenty-two feet wide on Perry street, and extending back fifty-five feet.

At the trial it was claimed by the plaintiffs that the quality of a homestead was impressed upon the whole lot, and so no part of it was subject to sale under execution. The court thought otherwise, and adjudged that the defendant had acquired a good title to that part of the lot on which the front house stood, and the yards which were attached to it in front and rear. The plaintiffs moved for a new trial, and the case comes here on appeal from the judgment and an order denying their motion.

It has been frequently decided by this court that to constitute a valid homestead the claimant must actually reside on the premises when the declaration is filed: Babcock v. Gibbs, 52 Cal. 629; Dorn v. Howe, 52 Cal. 630; Aucker v. McCoy, 56 Cal. 524; Pfister v. Dascey, 68 Cal. 572, 10 Pac. 117. Here the homestead claimants were not actually residing on

the premises when the declaration was filed. Nearly two weeks before it was filed they went away and ceased to occupy any part of the premises. It is true, they went away temporarily, and were gone only about four months; but during that time they certainly did not actually reside on any part of the lot filed upon.

It follows that the judgment and order should be affirmed.

We concur: Foote, C.; Hayne, C.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are affirmed.