DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

---

[No. 13149. Department Two. —November 19, 1891.]

## JOSEPH TROMANS, APPELLANT, v. HENRY MAHLMAN ET AL., RESPONDENTS.

92   1
r.'11 646
92   1
114  450

EJECTMENT — ISSUE AS TO OWNERSHIP — NEW TRIAL — INSUFFICIENCY OF EVIDENCE — SPECIFICATIONS — STIPULATION. — Although the specifications in a statement on motion for new trial, of insufficiency of the evidence to justify the decision as to ownership of land involved in an action of ejectment, may be, in themselves considered, too general, yet where all the facts of the case are settled by stipulation of the parties, excepting one specific issue tried, upon which the ownership of the land depended, the specifications are aided by that fact.

HOMESTEAD — ACTUAL RESIDENCE — PRETENSE. — To constitute a valid homestead, the claimants must actually reside on the premises when the declaration of homestead is filed, and the residence must be real, and not sham or pretended.

ID. — TEMPORARY STAY — INTENTION TO DEPART. — Where the claimants of a homestead went upon the premises, not to make their home or place of abode there, but only to spend a night or two for the purpose of claiming a homestead and then to return to their home elsewhere, and did so return, an actual residence on the premises is not shown, sufficient to sustain the declaration and create a valid homestead.

ID. — DESIGN OF STATUTE — HOME FOR FAMILY — PROTECTION. — The obvious purpose of the statute in providing for the selection of the homestead is to make a home for the family to be protected against creditors, and against disposition or encumbrance by one of the spouses.

ID. — CONSTRUCTION OF STATUTE — RESIDENCE OF CLAIMANT. — Although the statute providing for the selection of a homestead is to be liberally construed in some respects, yet the requirement as to the residence of the claimant upon 'the land at the time the declaration is filed should be strictly construed.

XCII. CAL.—1

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The specifications of insufficiency of the evidence to justify the decision referred to in the opinion were as follows: "The evidence did not show, and does not show, that the plaintiff, Joseph Tromans, is not the owner of the tract of land mentioned and described in the complaint in said action; or in any part thereof, either in fee-simple absolute, or at all. On the contrary, it is shown by the evidence in said cause that the plaintiff, Joseph Tromans, now is, and was at the time of the commencement of said action, and for a long time prior thereto, the owner of the tract of land mentioned and described in the complaint, and every part thereof, in fee-simple absolute. The evidence did not show, and does not show, that the defendants, Henry Mahlman and Mary Jane Mahlman, are the owners of said tract of land described in the complaint, and in said action, and every part thereof." The facts in the case were stipulated in open court at the trial, with the exception of evidence, to be presented upon the issue, whether Mary Jane Mahlman was actually residing on the land and premises described in the complaint at the time a declaration of homestead was made and filed for record, leaving as questions of law, to be decided by the court, whether the lands in controversy were a valid homestead at the time of the commencement of the action of *Fisk* v. *Lee et al;* and did the plaintiff acquire any title to the land by the sheriff's deed under foreclosure sale in that action? Further facts are stated in the opinion.

*Metcalf & Metcalf,* and *Benjamin Williams,* for Appellant.

The declaration of homestead must contain, among other things, a statement that the person making it is residing on the premises and claims them as a homestead. (Civ. Code, sec. 1263.) In order to impress the

character of a homestead upon premises, they must be resided upon and used as such at the time the declaration is made. (*Gregg* v. *Bostwick*, 33 Cal. 220; 91 Am. Dec. 637; *Babcock* v. *Gibbs*, 52 Cal. 629; *Dorn* v. *Howe*, 52 Cal. 630; *Aucker* v. *McCoy*, 56 Cal. 527.) To constitute a valid homestead, the claimant must actually reside on the premises when the declaration is made. (*Pfister* v. *Dascey*, 68 Cal. 573; *Lubbock* v. *McMann*, 82 Cal. 228; 16 Am. St. Rep. 108.)

*R. Percy Wright*, for Respondents.

The specifications of error in the statement on motion for a new trial amount to nothing more than a statement that the evidence is insufficient to justify the decision or verdict; and as they do not state the particulars in which it is claimed that the evidence is insufficient, they do not entitle the appellant to a review of the evidence. (*Eddelbuttel* v. *Durrell*, 55 Cal. 277; *Parker* v. *Reay*, 76 Cal. 105; *Knott* v. *Peden*, 84 Cal. 299.) The filing of a declaration made in accordance with section 1263 of the Civil Code, by one who is then actually occupying the premises described in it as a residence, although such occupation has only continued for a single day, is all that the law requires, in order to constitute said premises a homestead. (*Skinner* v. *Hall*, 69 Cal. 195; *Aucker* v. *McCoy*, 56 Cal. 527; *Prescott* v. *Prescott*, 45 Cal. 59; *Babcock* v. *Gibbs*, 52 Cal. 629; *Dorn* v. *Howe*, 52 Cal. 630; *Lubbock* v. *McMann*, 82 Cal. 226; 16 Am. St. Rep. 108.) The word "resides" in section 1237 of the Civil Code, and the word "residing" in section 1236 thereof, mean nothing more than present occupation of a dwelling-house by the claimant. (See *Stout* v. *Leonard*, 37 N. J. L. 497; *Collinson* v. *Teal*, 4 Saw. 243; *Hanson* v. *Graham*, 82 Cal. 631.)

BELCHER, C. — In June, 1882, one Lee conveyed to the defendant Henry Mahlman a lot of land in the town of Haywards, Alameda County. In May, 1883, Mahlman conveyed the lot as a gift to his wife, the defendant Mary

Jane Mahlman. When these conveyances were executed, one Fisk held a mortgage made by Lee on the lot, and both conveyances were made subject to the mortgage. On the twenty-second day of August, 1883, Mrs. Mahlman executed and caused to be recorded a declaration of homestead on the lot, which was in all respects in accordance with the provisions of section 1263 of the Civil Code. In January, 1884, Fisk commenced an action against the mortgagor, Lee, and Mrs. Mahlman, to foreclose his mortgage, and such proceedings were subsequently had that a decree of foreclosure was duly made and entered against the defendants therein. Under this decree an order of sale was issued, and the property was regularly sold to the plaintiff herein, who in August, 1887, received the sheriff's deed therefor.

In December, 1887, the plaintiff commenced this action to recover possession of the lot, alleging in his complaint that he was the owner of the same in fee-simple absolute. The defendants, by their answer, denied that plaintiff was the owner of the lot, or of any part thereof, in fee-simple absolute, or at all.

After trial, the court found the facts as follows: —

"1. That the plaintiff, Joseph Tromans, is not the owner of the tract of land mentioned and described in the complaint herein, or of any part thereof, either in fee-simple absolute, or at all.

"2. That the defendants, Henry Mahlman and Mary Jane Mahlman, are the owners of said tract of land, and of every part thereof."

Judgment was accordingly entered in favor of the defendants, from which, and from an order refusing a new trial, the plaintiff appeals.

It is admitted by counsel for appellant, that since Henry Mahlman was not made a party to the foreclosure suit, the judgment should be affirmed if the demanded premises had become the homestead of defendants before that suit was commenced; but it is contended that the declaration of homestead, which was executed and filed for record by Mrs. Mahlman, did not create a valid

homestead, for the reason that she was not at the time actually residing upon the premises.

It is objected by respondents that the statement on motion for new trial contains no sufficient specifications of the particulars in which the evidence is alleged to be insufficient to justify the decision of the court, and hence that this point cannot be considered. But we think the specifications should be held sufficient. "The purpose of the statute is apparent. It was to direct the attention of court and counsel to the particulars relied on by the moving party, to the end that the evidence bearing on the specifications of error might be inserted in the statement and considered by the court." (*Eddelbuttel* v. *Durrell*, 55 Cal. 279.) In *Pralus* v. *Pacific G. & S. M. Co.*, 35 Cal. 37, a specification similar to that found here was admitted to be sufficient.

The evidence as to the homestead was as follows: Mrs. Mahlman testified: "I am one of the defendants in this case, and was residing on the land in controversy in this action, which is situated at Haywards, Alameda County, at the time the declaration of homestead which has been spoken of was made and filed for record. There was a dwelling-house on the land then. My father and all the family I had, in August, 1883, were living there with me at the time."

*Cross-examined.* — "My husband was living with me on the place at Haywards on the twenty-second day of August, 1883. Before that time we were living at 717 Stockton Street, in San Francisco; was not living at 717 Stockton Street on the 22d of August, 1883. That is a rooming-house. My furniture was not all there; took part of the furniture to the place at Haywards. I took all household utensils, — everything up to a broom. The furniture was there long before. It was sent over in January, 1883. My husband, my father, and all my four children went to Haywards on the 21st of August, 1883. My husband staid there one night, and went to San Francisco the following morning. I staid there two nights, and then went back to San Francisco. We

did not live in the house at Haywards before we went on the 21st of August, 1883. After August 23, 1883, resided continually in San Francisco, until about November, 1886. . . . . My husband went to San Francisco by the morning train on the 22d of August, 1883, and sent me a telegram to meet him at Oakland that day, and I met him there. The declaration of homestead was signed and acknowledged by me at Oakland, and after it was taken to the recorder's office my husband put me into the Haywards train, and he went to San Francisco. I returned to the house at Haywards, and remained there until the following day. I and my children and my father slept in the house at Haywards on the night of the 22d of August, 1883; we all left and returned to San Francisco on the 23d of August, 1883. I took the blankets, sheets, pillow-cases, and pillows back with me to San Francisco. I had no other property but that at Haywards at the time the declaration of homestead was filed. My husband had not filed a declaration of homestead at that time. All the land except that on which the house stands was used as a garden and orchard, and it was all inclosed with a fence."

*Redirect Examination.* — "My idea in making the declaration of homestead was, that my children should have a home."

Henry Mahlman testified: " I am one of the defendants in this case; remember the declaration of homestead which has been spoken of here being filed. On the night of the day before it was filed, I was stopping in the house at Haywards, with my wife and family; went there on the 21st of August, 1883. I went alone. My wife and children went the same day along with her father, Mr. Miller; went next morning to San Francisco, to attend to business; had a declaration of homestead made out there, and telegraphed my wife to come to Oakland. She came in the afternoon, and signed and acknowledged the declaration of homestead, which was recorded, and then my wife returned to Haywards."

*Cross-examintion.* — "I rented the house, 717 Stockton Street, San Francisco, about 1879. Paid the rent to Madison & Burke, for the months of August and September, 1883, and right along for two or three years after that. My furniture and things were there in August, 1883. In January, 1883, sent part of the furniture over to the house in Haywards. Only staid one night there, in August, 1883; that was the night between the 21st and 22d of August."

George W. Miller also testified: "I am the father of the defendant Mary Jane Mahlman; remember going with her to Haywards and taking the children. I remember Mahlman went there the same evening; remember going to Haywards before that with an expressman. When I went with my daughter and the children, we took supper at the house of a man named Geary, who lived close by. I went over to the house from Geary's, and made it as comfortable as possible. It was a small house, about 24 by 12, with two rooms. We all slept there that night. The next day my daughter got a dispatch, and went to Oakland. I remained there with the children. She came back and staid with the children and me at the house that night."

It is settled law in this state, that to constitute a valid homestead the claimant must *actually* reside on the premises when the declaration is filed. (*Prescott* v. *Prescott*, 45 Cal. 58; *Babcock* v. *Gibbs*, 52 Cal. 629; *Aucker* v. *McCoy*, 56 Cal. 524; *Pfister* v. *Dascey*, 68 Cal. 572; *Lubbock* v. *McMann*, 82 Cal. 228; 16 Am. St. Rep. 108.)

The question, then, is, Does the evidence show that Mrs. Mahlman was *actually* residing on the premises in controversy when she filed her declaration of homestead? We are unable to see how this question can be answered otherwise than in the negative.

The obvious purpose of the statute in providing for the selection of a homestead was to thereby make a home for the family, which neither of the spouses could encumber or dispose of without the consent of the other, and which should at all times be protected against cred-

itors. To effect its purpose, the statute has been liberally construed in some respects, but the requirement as to residence at the time the declaration is filed has been strictly construed. Thus this court has many times used and emphasized the word " actually," to show that the residence must be real, and not sham or pretended. In *Babcock* v. *Gibbs,* 52 Cal. 629, the homestead claimants went to their lot in the evening, and spread a blanket for a roof and slept under it. The next day they filed a declaration of homestead, and commenced the erection of a house, which they completed and moved into in about a month. It was held that they were not actually residing on the premises when the declaration was filed, and hence that no homestead was thereby selected.

Here it clearly appears from the evidence that the respondents went to Haywards, not to make their home or place of abode there, but only to spend a night or two, and then return to their home in San Francisco. This was not enough to constitute an actual residence.

In our opinion, the judgment and order should be reversed, and we so advise.

VANCLIEF, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed.

A petition for a hearing in Bank having been filed, the following opinion was rendered thereon on the 19th of December, 1891:—

The COURT. — The petition for a hearing in Bank is denied.

In regard to the point urged in the argument and in the petition for a rehearing, that there was not in the statement on motion for a new trial any sufficient specification of the particulars in which the evidence was insufficient to sustain the findings of the superior court, we wish to add to what is said in the opinion of the commissioner, that we should not regard these specifica-

tions as sufficient, except for the fact disclosed by the statement that all the facts of the case were settled by stipulation of the parties, except the single issue of residence of the Mahlmans on the demanded premises at the date of their declaration of homestead. In other words, the specifications which are entirely too general in themselves are aided by the fact that there was but one specific issue tried.