EDWARD BOISGERARD *vs.* DOE, ex dem. A. R. JOHNSON.

Where a tax collector, in selling a tract of land containing two or more eighths, for the unpaid taxes due thereon, offers and sells the whole tract together, such sale is not valid.

*Semble*, that in order to make a valid sale of lands for taxes, the collector must either offer each eighth separately, or offer one eighth alone, and upon a failure to obtain a bid for that, add another to it and offer them together, and so on until the whole are offered.

IN error from the circuit court of Hinds county; Hon. George Coalter, judge.

The facts of the case are sufficiently stated in the opinion of the court.

*George L. Potter*, for plaintiff in error.

*D. Shelton*, for defendant in error.

*Charles Scott*, on the same side.

Boisgerard *v.* Doe, ex dem. Johnson.

Mr. Justice CLAYTON delivered the opinion of the court.

This was an action of ejectment in the circuit court of Hinds county, brought upon a tax collector's deed for lands sold in 1845, for non-payment of taxes previously due.

In the case of *Hodge* v. *Wilson,* 12 S. & M. 500, the laws in regard to tax sales received a construction from this court. The provisions of the previous statutes are continued in that of 1844, without alteration.   Acts of 1844, § 55, p. 81.

To determine the validity of the present sale, it is only necessary to compare the manner in which it was made, with the decision above cited.

The sheriff who made the sale was introduced as a witness by the defendant.  He says, " That he duly sold the land by eighths, but that he did not make public entry on the sales of any land for taxes, except when he took the stand to commence his sales; that he read off all the lands in a tract as advertised, in his usual tone of voice ; that there were generally very few bidders, and he usually struck off the land, to whoever would pay the taxes; his great object being to get the taxes."

When the whole of this statement is taken together, we cannot understand it otherwise, than that the sheriff read off the several eighths of land from his advertisement consecutively, and struck off the entire lot to any one who would bid the amount of the taxes for the whole.   It is obvious from his language that he did not offer each eighth separately ; nor did he offer one eighth alone, and upon failure to get a bid for that, add another to it, and offer them together, and so on till the whole were offered.   His evidence will not bear such construction.   According to the opinion of the majority of the court in the case already cited, one or the other of these two modes must be pursued, to make the sale good.   The sale in the present case therefore was not valid.

This makes it unnecessary to consider any other point made in the argument.

Judgment reversed, and new trial granted.