[No. 12654.    In Bank. — July 1, 1889.]

# D. J. OULLAHAN, APPELLANT, *v.* P. J. SWEENEY, RESPONDENT.

TAX SALE — REDEMPTION — EFFECT OF ACT OF 1885 REQUIRING NOTICE TO THE OWNER OF THE PURCHASER'S APPLICATION FOR A DEED — EXTENSION OF TIME FOR REDEMPTION. — The act of 1885, requiring the purchaser at a tax sale to give to the owner thirty days' notice of the application for a deed, and extending the time for redemption until such notice is given, is constitutional, and applies to all applications for deeds made after the act took effect.

APPEAL from an order of the Superior Court of Stanislaus County refusing a new trial.

The facts are stated in the opinion.

*Wright & Hazen,* for Appellant.

The plaintiff's right to a deed was founded on a contract, and was to be determined with reference to the law in force at the time of the tax sale. (Pol. Code, secs. 3780, 3785; Cooley on Taxation, 2d ed., 545.) The act of March 12, 1885, does not apply to prior tax sales.

A construction which would give it that effect would render the act unconstitutional as impairing the obligation of the contract. (Cooley's Const. Lim. 291; *Billings* v. *Drew,* 56 Ill. 483; *State* v. *McDonald,* 26 Minn. 145.)

*Stonesifer & Minor,* for Respondent.

The requirement of notice of the application for the deed, under the act of March 12, 1885, did not impair the obligation of the plaintiff's contract. (*Curtis* v. *Whitney,* 13 Wall. 68.) The act only affected the remedial right of the purchaser, and so long as any sufficient remedy is left him by which his substantive right might be enforced, he cannot complain of a change made in the remedy. (Cooley's Const. Lim. 286; *Tuolumne Redemption Co.* v. *Sedgwick,* 15 Cal. 524; *Galland* v. *Lewis,* 26 Cal. 48; *Dentzel* v. *Waldie,* 30 Cal. 143; *Moore* v. *Martin,* 38 Cal. 439.)

HAYNE, C. — Ejectment; judgment for defendant; plaintiff appeals. The case turns upon the validity of a tax deed, under which the plaintiff claims. The deed was made without any notice to the owner, as required by section 3785 of the Political Code. The sale was made in February, 1885, at which time the law was, that a redemption could be made in twelve months, and if not made within that time, the purchaser could obtain his deed without giving notice to the owner. But by an amendment passed in March, 1885, it was provided that "the purchaser of property sold for delinquent taxes, or his assignee, must, thirty days previous to the expiration of the time for redemption, or thirty days before he applies for a deed, serve upon the owner of the property purchased, or upon the person occupying the property, if said property is occupied, a written notice stating that said property or a portion thereof has been sold for delinquent taxes; giving the date of the sale, the amount of the property sold, the amount for which it was sold,

the amount then due, and the time when the right of redemption will expire, or when the purchaser will apply for a deed, and the owner of the property shall have the right of redemption indefinitely until such notice shall have been given and said deed applied for, upon the payment of the fees, percentages, penalties, and costs, as provided by law." (Pol. Code, sec. 3785.)

We think that this amendment was intended to apply to all applications for deeds after it took effect. The counsel argue, however, that it was not within the power of the legislature to extend the time for redemptions on sales previously made, because they say such an extension impairs the validity of a contract. It may be assumed, for the purposes of the case, that the legislature cannot make an absolute extension of the time for redemption of property previously sold. But this has not been attempted to be done by the provision in question. The purchaser may still obtain his deed at the expiration of twelve months, provided he takes the proper proceedings. If he does not take them, it is his own fault, and he alone is responsible for the consequences. The question, therefore, is, whether the legislature had the power to require notice to be given of applications for deeds of sales made before the passage of the law. This precise point was decided in *Curtis* v. *Whitney*, 13 Wall. 68, in which the court upheld the validity of the law. We think that this decision is sound in principle. The change affected the remedy merely, which was within the control of the legislature. (See, generally, *Tuolumne R. Co.* v. *Sedgwick*, 15 Cal. 516; *Moore* v. *Martin*, 38 Cal. 428.)

We therefore advise that the order appealed from be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order appealed from is affirmed.