[L. A. No. 167. In Bank.—April 20, 1897.]

## TERALTA LAND AND WATER COMPANY, RESPONDENT, v. E. E. SHAFFER, COUNTY AUDITOR OF SAN DIEGO COUNTY, APPELLANT.

TAXATION—REDEMPTION OF LAND SOLD TO STATE—LAW AT DATE OF SALE TO GOVERN.—The redemption of land sold to the state for delinquent taxes is governed by the law in force at date of the sale; and, upon a redemption made after the passage of the act of March 28, 1895, of land sold for delinquent taxes prior thereto, the owner entitled to redeem is not required to pay the amount fixed by that act.

ID.—RETROACTIVE STATUTE—IMPAIRMENT OF VESTED RIGHT—CONSTITUTIONAL LAW.—Though the legislature evidently intended, by the language used in the act of March 28, 1895, to make it apply to sales for delinquent taxes to the state theretofore as well as thereafter, yet it is beyond the power of the legislature, after a tax sale, to impose more

onerous conditions upon the right to redeem than those which existed
when the sale was made; and the retroactive provision of said act is un-
constitutional and void in so far as it purports to impair the vested
right of redemption, which was a condition of the contract of purchase
when made.

APPEAL from a judgment of the Superior Court of
San Diego County. GEORGE PUTERBAUGH, Judge.

The facts are stated in the opinion.

*District Attorney A. H. Sweet,* for Appellant.

Section 3817 of the Political Code, as amended
March 28, 1895, is retroactive, as it contains an express
declaration to that effect. (*Tuller* v. *Tranor,* 53 Cal. 279.)
There is no contract between the delinquent owner and
the state, their relations not growing out of or resting
upon contract. (Cooley on Contracts, 545; *Robinson* v.
*Howe,* 13 Wis. 341.) Their relations are matter of law.
(*Essex etc. Board* v. *Skinkle,* 140 U. S. 334.) And this
law may be changed. (*Robinson* v. *Howe, supra;* 25
Am. & Eng. Ency. of Law, 410; *Butler* v. *Palmer,* 1 Hill,
328.) The right to redeem is a privilege, and the in-
terest or penalty prescribed is in the discretion of the
legislature. (2 Desty on Taxation, 886; *Craig* v. *Flan-
agin,* 21 Ark. 319; *Stephens* v. *Holmes,* 26 Ark. 48; Cooley
on Taxation, 545.)

*Attorney General W. F. Fitzgerald,* and *Deputy Attor-
ney General Henry E. Carter,* also for Appellant.

The sale of property and right of redemption is a
remedy, and not a contract. (*Tuolumne Redemption Co.*
v. *Sedgwick,* 15 Cal. 525; *Oullahan* v. *Sweeney,* 79 Cal.
537; 12 Am. St. Rep. 172; *Hibernia etc. Soc.* v. *Hayes,* 56
Cal. 303.) A remedy is not a vested right until availed
of by the party entitled thereto, and a retroactive act
repealing or changing the same is valid, if an adequate
remedy be provided. (*Kerckhoff etc. Mill Co.* v. *Olmstead,*
85 Cal. 84; Cooley on Taxation, c. 16, subd. 13, p. 545:
*Tuolumne Redemption Co.* v. *Sedgwick, supra; Moore* v.
*Martin,* 38 Cal. 439; Black on Tax Titles, 2d ed., sec. 353;

*Hibernia etc. Soc.* v. *Hayes, supra; Curtis* v. *Whitney,* 13
Wall. 71; *Coriell* v. *Ham,* 61 Am. Dec. 136, and author-
ities cited in note; *Baugher* v. *Nelson,* 52 Am. Dec. 698,
and authorities cited in note; Black on Constitutional
Law, 429, 538; Pomeroy's Constitutional Law, 432, 500;
Black's Constitutional Prohibition, sec. 141; *Smith* v.
*Packard,* 12 Wis. 371; *Robinson* v. *Howe,* 13 Wis. 341.)
It is incumbent upon respondent to show that the act
is clearly unconstitutional before the court will hold it
to be null.    (*Tuolumne Redemption Co.* v. *Sedgwick,*
*supra; Baugher* v. *Nelson, supra; Floyd* v. *Blanding,* 54
Cal. 43.)    While we have based our argument on the
assumption that the act of 1895 is retroactive in its
operation, yet we think it cannot be considered retro-
active.    (*Tuolumne Redemption Co.* v. *Sedgwick, supra.*)

*Collier, Pillsbury & Collier,* for Respondent.

The right of redemption is a vested right, and must be
governed by the laws in force at the time of sale, as it
cannot be affected by subsequent legislation. (Black on
Tax Sales, sec. 175; *Cargill* v. *Power,* 1 Mich. 369; *Negus*
v. *Yancey,* 22 Iowa, 57, 58; *Robinson* v. *Howe,* 13 Wis.
341; *Goenen* v. *Schroeder,* 8 Minn. (387); *Garrett* v.
*Wiggins,* 1 Scam. 335; *Conway* v. *Cable,* 37 Ill. 82; 87
Am. Dec. 240; *Dikeman* v. *Dikeman,* 11 Paige, 484; *But-*
*ler* v. *Palmer,* 1 Hill, 324; Blackwell on Tax Titles, secs.
714, 729; Cooley on Taxation, 2d ed., 545; *Merrill* v.
*Dearing,* 32 Minn. 479.)

Searls, C.— Writ of mandate.   The Teralta Land
and Water Company (a corporation), respondent herein,
filed its petition, duly verified, in the superior court, in
and for the county of San Diego, showing that it was
the owner of certain described lands, situate in said
county of San Diego, which were sold for delinquent
state and county taxes duly levied for the fiscal years
1889–90, 1890–91, and 1891–92, and purchased by the
state of California.

On the twenty-fifth day of September, 1895, plaintiff,

being desirous of redeeming said lands, applied to defendant, auditor of the county of San Diego, to furnish to it an estimate of the amount required to redeem the same, and demanded that such estimate be made under the statutes in force at the date of the respective sales of said land and prior to the year 1895.

The auditor refused to furnish the estimate as demanded, upon the ground that the act of March 28, 1895, was the only statute in force relating to the redemption of real estate from sales for delinquent taxes, whether such sales took place prior to the passage of said act, or afterward.

He offered to furnish an estimate under the act of 1895, but refused to do so under any prior statute. An alternative writ of mandate issued to defendant, who came in and demurred to the petition upon grounds substantially involving the proposition that the petition or sworn statement of the plaintiff did not state facts entitling plaintiff to redeem from the sales therein mentioned under any law or laws except the statute of March 28, 1895.

The court overruled the demurrer, and defendant failing to answer, his default was entered, and the writ of mandate was made peremptory. Defendant appeals from the judgment.

Under the Political Code, section 3817, as it existed prior to 1895, where real estate was sold for delinquent taxes, and the state had become the purchaser and had not disposed of the same, the former owner or his heirs, etc., had the right to redeem by paying to the county treasurer the amount of the tax due, with interest at seven per cent per annum, together with all taxes that were a lien on the real estate at the time said taxes became delinquent; an amount equal to the percentage of all subsequent taxes, interest thereon; all costs and charges, and a penalty of twenty-five per cent, etc. It became the duty of the county auditor to furnish the person desiring to redeem an estimate of the amount necessary therefor.

The act of March 28, 1895 (Stats. 1895, p. 309), amended section 3817 of the Political Code, so that in lieu of the penalty of twenty-five per cent the redemptioner is required to pay a penalty of ten per cent if redeemed within six months from the date of sale; twenty per cent if redeemed within one year; forty per cent if redeemed within two years; sixty per cent if redeemed within three years; eighty per cent if redeemed within four years, and one hundred per cent if redeemed within five or any greater number of years after the date of sale.

The section in terms applies: "In all cases where real estate *has been or may hereafter be sold* for delinquent taxes to the state, and the state has not disposed of the same, the person whose estate *has been or may hereafter be sold*," etc.

The sole question presented for determination is this: "Is the owner of the land entitled to make redemption obliged to pay the amount to redeem required by the act of March 28, 1895, or can he redeem by paying the amount required under the laws in force at the date of sale?

No part of the Political Code is retroactive unless expressly so declared. (Pol. Code, sec. 3.) This applies to amendments thereto equally with the original. (*Central Pac. R. R. Co.* v. *Shackelford*, 63 Cal. 261.)

That the legislature intended to make the amendment of 1895 to section 3817 retroactive is amply attested by the language used.

"A retrospective statute affecting and changing vested rights is very generally considered in this country as founded on unconstitutional principles, and consequently inoperative and void. But this doctrine is not understood to apply to remedial statutes which may be of a retrospective nature, provided they do not impair contracts or disturb vested rights, and go only to confirm rights already existing, and, in furtherance of the remedy, by curing defects and adding to the means of

enforcing existing obligations." (1 Kent's Commentaries, 465.

Remedial statutes which are retrospective, but do not impair contracts or disturb vested rights, are not unconstitutional, and the legislature may from time to time alter, change, or modify the remedy, providing in so doing they do not affect the right; but whenever they so far alter the remedy as to impair, destroy, change, or render the right scarcely worth pursuing, they necessarily impair the obligation of the contract upon which such right is founded. (*Smith* v. *Morse,* 2 Cal. 524; *Scarborough* v. *Dugan,* 10 Cal. 305; *People* v. *Seymour,* 16 Cal. 332; 76 Am. Dec. 521; *Moore* v. *Martin,* 38 Cal. 428; *Tuolumne Redemption Co.* v. *Sedgwick,* 15 Cal. 515; *Oullahan* v. *Sweeney,* 79 Cal. 537; 12 Am. St. Rep. 172; *Bates* v. *Gregory,* 89 Cal. 387; *Dentzel* v. *Waldie,* 30 Cal. 138.)

Appellant very properly admits that "an act which impairs the obligation of a contract, or divests a vested right, is in conflict with section 10, article 1, of the federal constitution, and with section 16 of article 1 of the constitution of the state of California."

He contends, however, that the amendment of 1895 to section 3817 of the Political Code does not impair the obligation of a contract, or divest a vested right.

His theory is that a tax duly levied has the effect of a judgment against the person, and the lien created thereby has the force and effect of an execution duly levied against all the property of the delinquent (Pol. Code, sec. 3716), and that the sale of property upon default of payment and the right of redemption as an incident thereto is a remedy, which may be changed at any time at the will of the legislature, and though retroactive will not be invalid for that reason. In support of this position and of the argument in favor thereof counsel cite *Tuolumne Redemption Co.* v. *Sedgwick, supra; Hibernia etc. Soc.* v. *Hayes,* 56 Cal. 303; *Oullahan* v. *Sweeney, supra,* and several other cases.

In *Tuolumne Redemption Co.* v. *Sedgwick, supra,* the

change in the redemption law was made before the sale took place.

In *Kerckhoff etc. Mill etc. Co.* v. *Olmstead,* 85 Cal. 80, which was an action to foreclose a mechanic's lien, after a portion of the materials had been furnished, the law was amended, and it was held that the amendment shortening the time for filing a lien, but which afforded an adequate remedy, was not retroactive, and applied to pending cases of uncompleted buildings.

In *Oullahan* v. *Sweeney, supra,* the court held that an amendment to the statute after a tax sale, requiring the purchaser to give notice before applying for a deed, went to the remedy only, and was applicable to cases existing at the time the law took effect.

The question here, however, is: Can the legislature, after a tax sale, lawfully amend the law so as to apply new and more onerous conditions to the right to redeem than those which existed when the sale was made? We think this question is answered in the negative by the elementary writers and by the adjudicated cases.

Cooley in his work on Constitutional Limitations, sixth edition, at page 353, says: "So a law is void which extends the time for the redemption of lands sold on execution, or for the delinquent taxes, after the sale has been made; for in such a case the contract with the purchaser, and for which he has paid his money, is that he shall have title at the time then provided by the law; and to extend the time for redemption is to alter the substance of the contract, as much as would be the extension of the time for payment of a promissory note, so a law which shortens the time for redemption from a mortgage after a foreclosure sale has taken place is void; the rights of the party being fixed by the foreclosure and the law then in force."

Black on Tax Titles, section 175, says: "The right of redemption from a tax sale must be governed by the law in force at the time of sale; it cannot be affected by subsequent legislation." He quotes from *Merrill* v. *Dearing,* 32 Minn. 479, as follows: "The right of prop-

erty acquired by the purchaser at this sale and the right of redemption remaining to the owner must both be governed by the law in force at the time of sale. Neither, in our judgment, could be either abridged or enlarged by subsequent legislation. This is unquestionably so as to the right of the purchaser. The same rule ought to apply in favor of the owner as against any statute shortening the time to redeem, as it is equally unjust to legislate against the owner of the land as in his favor." (*Negus* v. *Yancey*, 22 Iowa, 57; *Goenen* v. *Schroeder*, 8 Minn. 387; *Robinson* v. *Howe*, 13 Wis. 341; *Conway* v. *Cable*, 37 Ill. 82; 87 Am. Dec. 240; *Moody* v. *Hoskins*, 64 Miss. 468; *Caruthers* v. *McLaran*, 56 Miss. 371; *Wolfe* v. *Henderson*, 28 Ark. 304.)

Blackwell on Tax Titles, fifth edition, at section 729 expresses the same views in the following language: "The law in being at the time of sale governs the right of redemption. The time can be neither lengthened nor shortened by subsequent legislation. . . . . The right to redeem is a condition attached to the sale, and the legislature cannot defeat it by a subsequent act. A provision affecting the period of redemption can only apply to sales after the day on which the act took effect."

The enforced sale of property on execution, or for the nonpayment of taxes, institutes a contract with the purchaser which cannot be materially altered without his consent. The right of the owner to redeem is perhaps, strictly speaking, one not resting in contract, but is a right vested in him under the law, a right pertaining to the contract itself, and which in reason and justice is not more open to attack than that of the purchaser.

It has been said in a few of the many cases on the subject that so far as the right to redeem is concerned, it is not derived from any contract but is given by the law only, and the time within which it may be exercised may be shortened by the legislature, provided a reasonable time is left within which to exercise it, without impairing the obligation of the contract.

We think these cases are opposed to the weight of authority, but concede that they are not, and we think the case at bar is clearly distinguishable from them.

Here an additional burden is cast upon the redemptioner, whereby his right to redeem is subjected to the payment of a sum of money greatly in excess of that required of him under the statute which conferred the right upon him.

To require a party to perform an act at a time different from that required by a former statute, is a difference only in point of time, and may be said to affect the remedy only, but to require him to pay a sum of money greatly in excess of that required by a former statute is to impose upon him a burden having no relation to the remedy.

In *Hillebert* v. *Porter*, 28 Minn. 496, it was held that a law which increased the rate of interest to be paid on redemption of a pre-existing mortgage could not be upheld.

What the state could sell under the tax sale was limited by what the purchaser could purchase, and that was the right to have the title subject to the owner's right to redeem upon the payment of a given sum of money at any time before the state parted with its interest in the property. This right of redemption became a condition of the contract of purchase, and could not in reason or justice be ignored or changed by a subsequent statute any more than the sale itself. It was an essential element of the contract of sale, and not a mere naked right to be changed or abridged as a mere matter of public policy. Though intimately connected with the remedy it was not a part of the remedy, but a substantive right preserved to the redemptioner, and equally sacred with those acquired by the purchaser, which latter rights it limited. It was a right of property remaining in the former owner after the exhaustion of the remedy by sale, and the statute which, passed after the sale, seeks to impair this right by adding new burdens to its exercise, is violative of constitutional guarantees.

We recommend that the judgment appealed from be affirmed.

Britt, C., and Belcher, C., concurred.

For the reasons given in the forgoing opinion the judgment appealed from is affirmed.

Van Fleet, J., Harrison, J.
McFarland, J., Henshaw, J.,
Garoutte, J.